■ FRIEDA FEINMAN et al., Appellants, v. INCORPORATED VILLAGE OF OCEAN BEACH, Respondent.— In an action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered November 18, 1960 denying their motion for a preference in trial on the ground of destitution, pursuant to rule 151 of the Rules of Civil Practice. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ MICHAEL W. FRUDAKIS, Appellant, v. JULIUS C. CARTER, Respondent. — In an action by an architect against the record owner of real property to establish and foreclose a mechanic's lien filed by him for services rendered, plaintiff appeals from an order of the Supreme Court, Queens County, dated October 20, 1960, denying his motion for summary judgment striking out the answer. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ JOHN GRIMALDI, Appellant, v. COCA-COLA BOTTLING COMPANY OF NEW YORK, INC., Respondent.— In an action by a distributor of soft drinks against his supplier to enjoin the latter from interfering with plaintiff's operation of two certain routes pursuant to written contracts of distributorship, plaintiff appeals from an order of the Supreme Court, Queens County, dated September 21, 1960, denying his motion for a temporary injunction. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.

■ RUTH HAMM et al., Respondents, v. JULIA L. RICHARDS et al., Appellants.— In an action to recover damages for personal injuries and to rescind a release, defendants appeal from an order of the Supreme Court, Westchester County, dated June 22, 1960, denying defendants' motion to dismiss the complaint on the ground that the causes of action have been released (Rules Civ. Prac., rule 107, subd. 6), or, in the alternative, that the issues as to the release be tried prior to and separate from the other issues in the action (Rules Civ. Prac., rule 108; Civ. Prac. Act, § 443). Order modified by adding to the decretal paragraph denying the motion a provision to the effect that such denial is without prejudice to any renewed motion for a prior and separate trial of the issues pertaining to the subject of release, which defendants might be disposed to make after joinder of issue. As so modified, order affirmed, without costs. Defendants' time to answer the complaint is extended until 20 days after entry of the order hereon. At the time of the making of the motion, defendants' answer to the complaint had not been served. Accordingly, the action could not then be considered as one in which there is an issue to be tried with respect to the subject of release or one in which there are any issues to be tried. A motion for separate trial of an issue should not be made until it has been established by the pleadings that there are issues to be tried and that one or more of such issues are required to be tried separately before the remaining issues. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.